IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Evelyn Simmons<br>　　　　Debtor | CHAPTER 13 |
| Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2006-3, Asset-Backed Certificates, Series 2006-3<br>　　　　Movant<br>vs. | NO. 16-13566 JKF |
| Evelyn Simmons<br>　　　　Debtor | 11 U.S.C. Section 362 |
| William C. Miller, Esq.<br>　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$2,009.04,** which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | June 1, 2018 through July 1, 2018 at $1,642.63/month |
| Suspense Balance: | $1,276.22 |
| **Total Post-Petition Arrears** | **$2,009.04** |

2. The Debtor(s) shall cure said arrearages in the following manner:

　　a). Within ten (10) days of the filing of this Stipulation, Debtor shall make a down payment of **$1,200.00**;

　　b). Beginning on August 1, 2018 and continuing through January 1, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,642.63** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$134.84** towards the arrearages on or before the last day of each month at the address below;

Select Portfolio Servicing, Inc.
Attn: Remittance Processing
P.O. Box 65450
Salt Lake City, UT 84165

　　c).　　Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   July 18, 2018

By: /s/ Kevin G. McDonald, Esquire
Kevin G. McDonald, Esquire
Attorney for Movant

Date: 7/30/18

Zachary Perlick, Esquire
Attorney for Debtor

Date: 7/30/18

William C. Miller, Esquire
Chapter 13 Trustee

The foregoing Stipulation is approved by the court.

Date: August 2, 2018

Judge Jean K. FitzSimon