United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                              Case No. 16-13566-jkf
Evelyn Simmons                                                     Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: Antoinett       Page 1 of 1          Date Rcvd: Aug 02, 2018
                             Form ID: pdf900        Total Noticed: 1


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 04, 2018.
db              +Evelyn Simmons,    74 Woodland Avenue,    Coatesville, PA 19320-3625

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                               TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 04, 2018                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 2, 2018 at the address(es) listed below:
          ANDREW  SPIVACK   on behalf of Creditor   U.S. Bank National Association, As Trustee et. al.
           paeb@fedphe.com
          KEVIN G. MCDONALD   on behalf of Creditor   Deutsche Bank National Trust Company, as Trustee, in
           trust for registered Holders of Long Beach Mortgage Loan Trust 2006-3, Asset-Backed Certificates,
           Series 2006-3 bkgroup@kmllawgroup.com
          MARIO J. HANYON   on behalf of Creditor   U.S. Bank National Association, As Trustee et. al.
           paeb@fedphe.com
          MATTHEW CHRISTIAN WALDT   on behalf of Creditor   SELECT PORTFOLIO SERVICING, INC.
           mwaldt@milsteadlaw.com,   bkecf@milsteadlaw.com
          MATTHEW CHRISTIAN WALDT   on behalf of Creditor   Deutsche Bank National Trust Company, as
           Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2006-3, Asset-Backed
           Certificates, Series 2006-3 mwaldt@milsteadlaw.com,   bkecf@milsteadlaw.com
          POLLY A. LANGDON   on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
           ecf_frpa@trustee13.com
          United States Trustee   USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM  MILLER*R   ecfemail@FredReigleCh13.com,   ECF_FRPA@Trustee13.com
          ZACHARY  PERLICK   on behalf of Debtor Evelyn  Simmons Perlick@verizon.net,   pireland1@verizon.net
                                                                            TOTAL: 9

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Evelyn Simmons | CHAPTER 13 |
| _Debtor_ | |
| | |
| Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2006-3, Asset-Backed Certificates, Series 2006-3 | NO. 16-13566 JKF |
| _Movant_ | |
| vs. | |
| | |
| Evelyn Simmons | 11 U.S.C. Section 362 |
| _Debtor_ | |
| William C. Miller, Esq. | |
| _Trustee_ | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$2,009.04,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | June 1, 2018 through July 1, 2018 at $1,642.63/month |
| Suspense Balance: | $1,276.22 |
| **Total Post-Petition Arrears** | **$2,009.04** |

2.      The Debtor(s) shall cure said arrearages in the following manner;

a). Within ten (10) days of the filing of this Stipulation, Debtor shall make a down payment of **$1,200.00;**

b). Beginning on August 1, 2018 and continuing through January 1, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,642.63** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$134.84** towards the arrearages on or before the last day of each month at the address below;

**Select Portfolio Servicing, Inc.**
Attn: Remittance Processing
P.O. Box 65450
Salt Lake City, UT 84165

c).     Maintenance of current monthly mortgage payments to the Movant thereafter.

3.  Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.  In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.  The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6.  If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7.  If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.  The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.  The parties agree that a facsimile signature shall be considered an original signature.

Date:   July 18, 2018

By: /s/ Kevin G. McDonald, Esquire
Kevin G. McDonald, Esquire
Attorney for Movant

Date:   7/30/18

Zachary Perlick, Esquire
Attorney for Debtor

Date:   7/30/18

William C. Miller, Esquire
Chapter 13 Trustee

The foregoing Stipulation is approved by the court.

Date:   August 2, 2018

Judge Jean K. FitzSimon